## No. 4901.

NEW ORLEANS CANAL AND BANKING COMPANY, J. H. A. LAGROUE, SUBROGA-
TED, VS. JOHN R. PIKE, THROUGH HIS EXECUTRIX, REBECCA M. PIKE.

In this suit, instituted in October, 1867, in the Fourth District Court, parish of Orleans, to revive a judgment rendered in said court against John R. Pike in December, 1857, citation was served upon Mrs. Rebecca Pike, who was the representative of the succession of said John R. Pike, at that time deceased. Before the day for answering had expired the case was transferred, on exception of plaintiffs' counsel, to the Second District Court for the parish of Orleans, on the ground that Pike's succession had been opened in that court and that it alone had jurisdiction of the cause. This was an error.

In this case the judgment was rendered in the Fourth District Court. It follows therefore from the text of the law itself that said court was the proper tribunal to revive its own judgment.

It was manifestly never intended that the records of suits which had passed into final judgments should be transferred from court to court whenever any party interested saw proper to institute proceedings to prevent their prescription, and the defendant or his representative should not have happened to be subject to the ordinary jurisdiction of the court which rendered the judgment.

In the present case the proceeding is not, strictly speaking, a suit against a succession, but merely a method of preventing the prescription of a judgment by a citation directed to the representative of the judgment debtor. It follows that this suit was improperly removed from the Fourth District Court, and that it should be retransferred to that tribunal.

Although no exception has been filed to the jurisdiction of the Second District Court, this court is nevertheless bound to notice *ex proprio motu* the want of jurisdiction in any of the inferior tribunals from which appeals may be brought before it.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J. J. N. Brickell, G. W. Marr,* and *M. Emerson,* for plaintiffs and appellees. *Fellows & Mills,* for defendant and appellant.

LEONARD, J. On the seventh day of December, 1857, final judgment was rendered in this case in the Fourth District Court for the parish of Orleans against John R. Pike for the sum of $583 33. On the fourteenth day of October, 1867, L. N. Lane, alleging that he was the subrogee of plaintiffs, instituted proceedings to revive the judgment, and caused citation to be served upon Mrs. Rebecca M. Pike, who was the representative of the succession of John R. Pike, at that time deceased. Before

New Orleans Canal and Banking Company vs. Pike.

the delay for answering had expired the case was transferred, on motion of plaintiffs' counsel, to the Second District Court for the parish of Orleans, on the ground that Mr. Pike's succession had been opened in that court, and that it alone had jurisdiction of the cause. The record of the suit was, however, mislaid, and was not filed in the Second District Court until July 1, 1872. On the next day Mrs. Pike, executrix, appeared in that court and excepted that the Fourth District Court was without jurisdiction to make her a party to the suit, and that the proceedings against her should therefore be dismissed.

The law under which the citation was issued to Mrs. Pike is as follows: "Any party interested in any judgment may have the same revived at any time before it is prescribed, by having a citation issued according to law to the defendant, or his representative, from the court which rendered the judgment." R. S., sec. 2813.

In this case the judgment was rendered by the Fourth District Court for the parish of Orleans. It follows, therefore, from the the text of the law itself, that the Fourth District Court was the proper tribunal to revive its own judgment. It was manifestly never intended that the records of suits which had passed into final judgments should be transferred from court to court whenever "any party interested" should see proper to institute proceedings to prevent their prescription, and the defendant, or his representative, should not happen to be subject to the ordinary jurisdiction of the court which rendered the judgment. If John R. Pike had been alive at the time of the institution of these proceedings, but domiciled in some remote country parish, would it be seriously contended that it would have been necessary to send the record to the court of his domicile in order to have the judgment against him revived? In the present case the proceeding is not, strictly speaking, a suit against a succession, but merely a method of preventing the prescription of a judgment by a citation directed to the representative of the judgment debtor. It follows from these views that this suit was improperly removed from the Fourth District Court, and that it should be retransferred to that tribunal. It is true no exception has been filed by the defendant to the jurisdiction of the Second District Court, but this court is bound to notice *ex proprio motu* the want of jurisdiction in any of the inferior tribunals from which appeals may be brought before it.

It is therefore ordered, adjudged, and decreed that the judgment of the Second District Court be reversed, and that this cause be now remanded to said court with directions to retransfer the same to the Fourth District Court for the parish of Orleans. It is further ordered that the costs of the Second District Court and those of the appeal be paid by plaintiffs and appellees.